**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Electronic Privacy Information Center, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civ. Action No. 18-833 (RC)** |
| ) | |
| Drone Advisory Committee et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Defendants' Response to**
**Plaintiff's Notice of Supplemental Authority (ECF No. 22)**

    Defendants respectfully respond to Plaintiff's Notice of Supplemental Authority, ECF No. 22 (Oct. 16, 2018) ("Plaintiff's Notice"). Contrary to the argument set forth in Plaintiff's Notice, the FAA Reauthorization Act of 2018, Pub. L. No. 115–254, 132 Stat. 3,186 (2018) (the "Act"), which was signed into law on October 5, 2018, has no bearing on either the complaint (ECF No. 1) or the pending motion to dismiss (ECF No. 16).[1]

    Plaintiff's Notice brings to the Court's attention § 360 of the FAA Reauthorization Act, 132 Stat. at 3,307. Section 360 requires the U.S. Comptroller General to "initiate a study on appropriate fee mechanisms to recover" certain governmental costs related to unmanned aircraft systems ("UAS"—popularly known as "drones"). Act § 360, 132 Stat. at 3,307. The Act lists "any recommendations of Task Group 3 of the Drone Advisory Committee chartered by the Federal Aviation Administration on August 31, 2016," *id.* § 360(b)(1), as one of nine enumerated "considerations" that "[i]n carrying out the study, the Comptroller General shall consider, at a minimum…." *Id.* § 360(b). Plaintiff argues that because the Act requires the Comptroller General to consider "any recommendations of Task Group 3 of the Drone Advisory Committee," it must be true that Task Group 3, a subgroup of the Drone Advisory Committee ("DAC"), makes

---

[1] *See* Defs.' Mem. in Support of Mot. to Dismiss, ECF No. 16-1 (July 3, 2018); Pl.'s Opp. to Defs.' Mot. to Dismiss, ECF No. 18 (July 17, 2018); Defs.' Reply, ECF No. 20 (July 27, 2018).

recommendations directly to a federal agency, bypassing deliberation by the DAC, and is therefore an advisory committee in its own right, subject to the Federal Advisory Committee Act.

However, plaintiff's own complaint alleges that "any recommendations of Task Group 3 of the DAC"—what FAA Reauthorization Act § 360 tells the Comptroller General to consider—were in fact approved and adopted by the DAC, following deliberation by the DAC at public DAC meetings.[2] That is consistent with the DAC structure and operation as a parent advisory committee to which subgroups, including Task Group 3, reported. *See* Defs.' Mem. 6–11. Task Group 3 worked under the DAC, and did not on its own issue recommendations directly to any federal agency. Thus, there is no basis for Plaintiff's assumption that the phrase "any recommendations of Task Group 3" in the Act means recommendations made before being approved by the DAC, or otherwise outside of the DAC structure.

Moreover, given that the DAC and its subgroups, including Task Group 3, expired before the Act was enacted last month,[3] section 360 of the Act necessarily refers to recommendations that already exist, not to some future recommendations that Task Group 3 may generate without first submitting them to the DAC for approval. For that reason, plaintiff misreads the Act when it says that the Act "gives an FAA Task Group open-ended, prospective authority to influence the work of the Comptroller General." Pl.'s Not. 2. To the contrary, all the Act does is instruct the

---

[2] *See, e.g.*, Compl. ¶ 75 ("Task Group 3… delivered a progress report and recommendations to the DAC at the July 2017 meeting… Task Group 3 also presented an interim report intended for the FAA concerning funding mechanisms for the introduction of drones into the NAS."); *id.* ¶ 78 ("During the July 2017 meeting, the DAC approved the interim funding report presented by Task Group 3. The RTCA officially delivered the Task Group 3 report to then-Deputy Administrator Elwell on September 11, 2017."); Compl. Ex. 6 at 2 (diagram depicting DAC committee structure and work flow); *Id.* at 3 ("No recommendations … flow[ed] directly" from the Task Groups to the federal officials); *Id.* (any Task Group "recommendations" for the FAA were "vetted in a public DAC meeting" and only "transmitted to the FAA upon approval by the DAC."); Compl. Ex. 17 (cover letter describing interim funding report prepared by Task Group 3 as "the interim recommendations from the July 21st meeting of the DAC," and noting that the "attached interim report (including the recommendations) was approved during the [DAC] meeting"); *See also* DAC meeting minutes, presentations, and reports, *available at* https://www.rtca.org/content/ meeting-archives-dac.

[3] The DAC chartered by the FAA on August 31, 2016 was terminated on May 29, 2018. *See* Defs.' Mem. 11.

Comptroller General[4] to consider past recommendations of Task Group 3 that—as demonstrated above and in defendants' briefing—were discussed, approved, adopted, and officially issued by the DAC.

                                      Respectfully submitted,

                                      JOSEPH H. HUNT
                                      Assistant Attorney General

                                      MARCIA BERMAN
                                      Assistant Branch Director

                                      */s/ Lisa Zeidner Marcus*
                                      LISA ZEIDNER MARCUS
                                      Senior Counsel (N.Y. Bar # 4461679)
                                      U.S. Department of Justice
                                      Civil Division, Federal Programs Branch
                                      P.O. Box 883, Washington, DC 20044
                                      Tel: (202) 514-3336
                                      Email: lisa.marcus@usdoj.gov

                                      Attorneys for Defendants

---

[4] Defendants note that the Comptroller General serves as director of the Government Accountability Office ("GAO"), which "is generally recognized as a part of the legislative branch," and thus exempted from the definition of "agency" under 5 U.S.C. § 551(1)(A), *see Chen v. Gen. Accounting Office*, 821 F.2d 732, 737 (D.C. Cir. 1987), and also under the Federal Advisory Committee Act ("FACA"), *see* 5 U.S.C. app. 2 § 3(3) ("The term 'agency' [as used in FACA] has the same meaning as in section 551(1) of title 5, United States Code."). Directly advising the Comptroller General cannot transform a group into an "advisory committee" under FACA because the GAO is not an agency under FACA. In any event, as discussed above, Task Group 3 is not directly advising the Comptroller General.